# IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MOHOGANY DAWSON and TAYE MARSHALL STAPLETON | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case No. _____ |
| MOUNTAIN CREEK FAMILY RESORT AND CANOE RENTAL, LLC | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiffs, by and through counsel, and state and allege for their cause of action against Defendant as follows:

1. This case stems from the death of Timothy Stapleton, who died on or about June 7, 2021 in Laclede County, Missouri.

2. Prior to and on May 30, 2021, gauge readings for the Niangua River in Laclede County indicated that the water level in the river was approximately twice its average depth due to rain.

3. The result of this higher than average river depth was increased current and debris in the river.

4. On May 30, 2021, Timothy Stapleton rented a canoe from Defendant in order to go on a float trip down the Niangua river in Laclede County, Missouri.

5. While traversing down the Niangua river, the canoe hit a piece of debris that caused it to flip and eject Timothy Stapleton, who was then swept downstream.

6. After an extensive search effort, Timothy Stapleton's body was found on June 7, 2021 and his cause of death was ruled to be drowning.

7. Plaintiff Mohogany Dawson is a resident of the state of Texas.

8. Plaintiff Mohogany Dawson is the natural born daughter of Timothy Stapleton.

9. Plaintiff is over the age of 18 and is a member of the class authorized by § 537.080 RSMo. to bring suit for the wrongful death of Timothy Stapleton and Plaintiff's claims are brought pursuant thereto.

10. Plaintiff Taye Marshall Stapleton is a resident of Texas.

11. Plaintiff Taye Marshall Stapleton is the natural born son of Timothy Stapleton.

12. Plaintiff is over the age of 18 and is a member of the class authorized by § 537.080 RSMo. to bring suit for the wrongful death of Timothy Stapleton and Plaintiff's claims are brought pursuant thereto.

13. Defendant Mountain Creek Family Resort and Canoe Rental, LLC is a Missouri Limited Liability company with its principal place of business and only place of business in Laclede County, Missouri.

14. Venue is proper in this Court, based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds

the statutory threshold required for diversity jurisdiction. Further, Timothy Stapleton's death occurred in Laclede County, Missouri.

## COUNT I-NEGLIGENCE

15. Plaintiffs incorporate the other paragraphs of this Petition as though fully set forth herein.

16. On May 30, 2021, while acting as an outfitter,[1] Defendant owed Timothy Stapleton a duty to act as an ordinarily careful and prudent person under the same or similar circumstances pursuant to § 537.327.4(5) RSMo.

17. Defendant breached that duty and failed to act as an ordinarily careful and prudent person under the same or similar circumstances in at least the following respects:

    a. Allowing Timothy Stapleton to rent a canoe and use it to travel on the Niangua river when the river was at unsafe depth and had an unsafe current speed.

    b. Failing to warn Timothy Stapleton of the unsafe depth and current in the Niangua river.

    c. Failing to provide Timothy Stapleton with a United States Coast Guard-approved flotation device.

18. The negligence of Defendant as set forth above directly and proximately caused or contributed to cause the deceased, Timothy Stapleton, to die and also to endure pain and suffering between the time he was ejected from the canoe and the time of death.

---

[1] As defined in Section 537.327.1(6) RSMo.

19. Plaintiffs are entitled to a claim for damages based on loss of companionship, service, guidance, and support, funeral expenses and economic damages, all pursuant to the Missouri Wrongful Death Statute.

20. The negligence of Defendant as set forth above also directly caused or contributed to cause Plaintiffs to suffer the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Timothy Stapleton by reason of his death at the hands of the Defendant.

21. Plaintiffs suffered pecuniary losses including funeral expenses all by reason of the death of Timothy Stapleton.

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant in an amount in excess of $75,000, for interest as provided by law, for Plaintiff's cost and expenses herein incurred, and for such other and further relief as the Court deems fair and reasonable in the circumstances.

### COUNT II-NEGLIGENT ENTRUSTMENT
See *Steenrod v. Klipsch Hauling Co.*, 789 S.W.2d 158 (Mo. Ct. App. 1990)

22. Plaintiffs incorporate the other paragraphs of this Petition as though fully set forth herein.

23. On May 30, 2021, Defendant entrusted Timothy Stapleton with one of its canoes.

24. Timothy Stapleton was incompetent to pilot a canoe down the Niangua River on May 30, 2021 by reason of inexperience with piloting canoes down said river

when the river was twice its normal depth, had increased current, and had increased amounts of debris.

25. Defendant knew, should have known, or by exercise of reasonable diligence could have known, that Timothy Stapleton was not an experienced enough canoeist to safely pilot a canoe on the Niangua river on May 30, 2021, because of its increased depth, current, and amount of debris.

26. Additionally, Defendant knew, should have known, or by exercise of reasonable diligence could have known, that due to its increased depth, current, and amount of debris, it was negligent to entrust a canoe with anyone, regardless of their canoeing skill level, for the purposes of traversing the Niangua river on May 30, 2021.

27. The negligent entrustment by Defendant and the concurrent inexperience of Timothy Stapleton, as set forth above, directly and proximately caused or contributed to cause the deceased, Timothy Stapleton, to die and also to endure pain and suffering between the time he was ejected from the canoe and the time of death.

28. Plaintiffs are entitled to a claim for damages based on loss of companionship, service, guidance, and support, funeral expenses and economic damages, all pursuant to the Missouri Wrongful Death Statute.

29. The negligence of Defendant as set forth above also directly caused or contributed to cause Plaintiffs to suffer the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Timothy Stapleton by reason of his death at the hands of the Defendant.

30. Plaintiffs suffered pecuniary losses including funeral expenses all by reason of the death of Timothy Stapleton.

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant in an amount in excess of $75,000, for interest as provided by law, for Plaintiff's cost and expenses herein incurred, and for such other and further relief as the Court deems fair and reasonable in the circumstances.

**Plaintiffs demand a trial by jury.**

Respectfully submitted,

 /s/ *Matt Uhrig* .
Matt Uhrig, Missouri Bar No. 49750
**Law Office of Matt Uhrig, LLC**
501 B South Henry Clay Boulevard
PO Box 640
Ashland, MO 65010
P. 573-657-2050
F. 573-657-2051
E. matt@muhriglaw.com